# THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HOWARD CODY HALLETT,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:22-mj-00698-JCB<br><br>Magistrate Judge Jared C. Bennett |

Defendant Howard Cody Hallett ("Mr. Hallett") was arrested on a complaint issued on a showing of probable cause that Mr. Hallett was dealing firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A).[1] Prior to Mr. Hallett's initial appearance on the complaint under Fed. R. Crim. P. 5(a), the United States moved for Mr. Hallett's detention pending trial. At Mr. Hallett's initial appearance, the court and the parties discussed whether the allegations against Mr. Hallett were the type to trigger a detention hearing under 18 U.S.C. § 3142(f)(1)(E). The United States then sought a three-business-day extension for the detention hearing, which it may do under 18 U.S.C. § 3142(f). The court set Mr. Hallett's detention hearing for the third business day (Tuesday, October 11 at 9:00 a.m.). To assist the parties in their preparation for the upcoming detention hearing, the court issues the following memorandum decision regarding the threshold issue of whether the charge against Mr. Hallett triggers a detention hearing under 18 U.S.C. § 3142(f)(1)(E). The court holds that it does.

---

[1] ECF No. 1.

## ANALYSIS

Dealing in firearms without a license is a charge that allows the court to hold a detention hearing under 18 U.S.C. § 3142(f)(1)(E). The relevant portion of 18 U.S.C. § 3142(f)(1)(E) allows a detention hearing for "any felony that is not otherwise a crime of violence . . . that involves the possession or use of a firearm . . . ." Thus, to trigger a detention hearing, the crime alleged against a defendant must: (1) be classified as a felony; (2) not be a crime of violence; and (3) involve the possession or use of a firearm. Neither party disputes that the crime alleged against Mr. Hallett is a felony and is not a crime of violence. Instead, the dispute focuses on whether dealing firearms without a license "involves the possession or use of a firearm."[2]

Dealing firearms without a license fits within the meaning of the language in section 3142(f)(1)(E). Where, as here, the statute itself does not provide any relevant definitions regarding "involves" or "possession," the court must abide by the plain meaning of the statute's text[3] with "the aid of commonly accepted dictionary definitions."[4] The court's plain text analysis begins with "involves" and, thereafter, continues with "possession."

First, the plain meaning of "involves" is expansive. For example, according to the *Oxford English Dictionary*, "involve" can mean, among other things, (1) "[t]o enfold, envelop, entangle, include," (2) "to implicate in a charge or crime; to cause or prove (a person to be concerned in it," (3) "to include, to contain, imply," and (4) to contain implicitly; to include as a necessary

---

[2] 18 U.S.C. § 3142(f)(1)(E).

[3] *United States v. Morgan*, 922 F.2d 1495, 1496 (10th Cir. 1991) (stating that in all cases requiring statutory construction, the court "begin[s] with the plain language of the law.").

[4] *In re Hamilton Creek Metro. Dist.*, 143 F.3d 1381, 1385 (10th Cir. 1998) (citations omitted).

(and therefore unexpressed) feature, circumstance, antecedent condition, or consequence; to imply, entail."[5] From these definitions, the verb "involve" encompasses both explicit and implicit features of the object of the verb. The object of the verb "involves" in section 3142(f)(1)(E) is "possession." Therefore, according to the plain meaning of "involves," the "possession of a firearm" can be either (1) within the elements of the felony crime charged or (2) an implicit, necessary (and therefore unexpressed feature) of that felony crime.

Case law appears to support the court's reading of "involves." Although case law on the meaning of "involves" in section 3142(f)(1)(E) is scant, Congress has used the verb "involve" in other statutes.[6] For example, Congress allows the deportation of any alien admitted into the United States who "is convicted of a crime *involving* moral turpitude . . . ."[7] When interpreting this phrase, courts have determined that there are two ways to show that a crime involves "moral turpitude": (1) where "a crime requires proof of a specific intent to defraud" or (2) "if fraud or deception is inherent in the nature of the offense" even if proof of fraud is not an element of the crime.[8] The court finds persuasive this analogous reading of "involve" to understanding the meaning of "involves" in section 3142(f)(1)(E). Therefore, for purposes of section 3142(f)(1)(E), a felony that is not otherwise a crime of violence "involves the possession of a firearm" if

---

[5] *Involve*, OXFORD ENGLISH DICTIONARY (online) (https://www.oed.com/view/Entry/99206?redirectedFrom=involve#eid) (last visited Oct. 7, 2022).

[6] *See, e.g.*, 8 U.S.C. § 1227(a)(2)(A)(i)(I) (allowing removal of an alien who "is convicted of a crime *involving* moral turpitude" (emphasis added)).

[7] *Id.*

[8] *Yeremin v. Holder*, 738 F.3d 708, 714 (6th Cir. 2012).

"possession of a firearm" is (1) an element of the crime charged; or (2) is an implicit, necessary (and therefore unexpressed feature) of the charged crime.

Next, the court must interpret the term "possession." The authorities interpreting the term "possession" are legion. However, boiled down to their essence, these authorities show that "possession" can mean either: (1) physical control over an item (i.e., actual possession); or (2) the exercise of ultimate control over an item even without physical possession (i.e., constructive possession).[9]

Given these definitions of "involves" and "possession," the court interprets the portion of section 3142(f)(1)(E) in this action to include dealing firearms without a license. Dealing firearms necessarily includes either physical control over a firearm (e.g., the defendant physically hands a firearm to a customer who just purchased the firearm from the defendant) or constructive control over a firearm (e.g., having a legal right to control the firearm such that the defendant can instruct another to turn over that firearm to a customer). Thus, a firearms dealer must possess a firearm either actually or constructively to sell it. And although physical or constructive possession is not an element of the crime for dealing firearms without a license, the actual or constructive possession of that firearm is an implicit and necessary—albeit unexpressed—feature of the crime. Indeed, it seems impossible to deal firearms where the dealer has no physical or legal ability to control the destination of any firearm sold. Consequently, the court finds that dealing firearms without a license is a felony that is not otherwise a crime of

---

[9] *See, e.g., United States v. Lawrence,* 788 F.3d 234, 245–46 (7th Cir. 2015) (stating that "possession" can be physical or constructive).

violence that involves the possession of a firearm. Therefore, the United States is entitled to hold a detention hearing regarding Mr. Hallett under 18 U.S.C. § 3142(f)(1)(E).

DATED this 7th day of October 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge